IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CLIFFORD P. TURNER, #00309400,<br><br>        Petitioner,<br><br>vs.<br><br>SECRETARY, DEPARTMENT OF CORRECTIONS,<br><br>        Respondent. | Civil No. 23-00042 LEK-RT<br><br>ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY |

## ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY

Before the Court is a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"), ECF No. 1, filed by pro se Petitioner Clifford P. Turner ("Turner"). The Petition and this action are DISMISSED without prejudice to Turner filing another petition in an appropriate venue. Any certificate of appealability is DENIED.

### I. DISCUSSION

Turner asserts that he is challenging a 2011 conviction from a state court in Huntsville, Texas. ECF No. 1 at 1. Turner mailed the Petition in an envelope that included a return address of Skyview Unit, 379 FM 2972 West, Rusk, Texas 75785-3666. ECF No. 1-1 at 1. The Texas Department of Criminal Justice's

website reflects that Turner is incarcerated at the LeBlanc Unit in Beaumont, Texas. *See* Texas Department of Corrections, https://inmate.tdcj.texas.gov/InmateSearch/start.action (enter "00309400" in "TDCJ Number" field; and select "Search") (last visited Jan. 27, 2023).

The Court is required to screen all actions brought by prisoners who seek any form of relief, including habeas relief, from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). Habeas Rule 4 requires the Court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

"District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). Section 2241(d) states that, when a habeas petition is brought by a person in custody of a state with two or more federal judicial districts, "the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him[.]" 28 U.S.C. § 2241(d).

Turner has no apparent connection to Hawaii. He is not in custody in Hawaii, nor does he allege that he was convicted and sentenced by a state court in Hawaii. Instead, the Petition reflects that Turner is in custody in Texas, and Turner

2

states that he is challenging a conviction from a state court in Texas.  As a result, the District of Hawaii is not the proper venue for this action.  *See Turner v. Newsom*, CIV. NO. 19-00338 DKW-KJM, 2019 WL 2871138, at *1 (D. Haw. July 3, 2019) (dismissing habeas petition filed by a California state prisoner who was incarcerated in California).

When a habeas petition is filed in the wrong venue, district courts have discretion to transfer the action "in furtherance of justice."  28 U.S.C. § 2241(d); *see also* 28 U.S.C. § 1404(a) (stating that a district court may transfer any civil action to another district where it might have been brought "in the interest of justice").  Several factors, however, weigh against transferring this action.  First, the Petition is not signed.  *See* Habeas Rule 2(c)(5) (stating that habeas petition must be signed under penalty of perjury).  Second, Turner does not allege that "he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254.  Indeed, the Petition does not include a single ground for relief.  Third, Turner has pending habeas petitions in at least two other districts. *See* Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody, *Turner v. Dep't of Corr.*, No. 4:23-cv-00045-JGZ-EJM (D. Ariz. Jan. 23, 2023), ECF No. 1; Petition for Writ of Habeas Corpus by a Person in State Custody 28 U.S.C. § 2254, *Turner v. U.S. Dep't of Justice*, No. 2:22-cv-08880-SVW-SK (C.D. Cal. Oct. 27, 2022), ECF No. 1.  These other actions suggest that

Turner is simply filing habeas petitions around the country. Thus, transferring the Petition would not further the interest of justice.

## II. CONCLUSION

(1) The Court DISMISSES the Petition and this action without prejudice to Turner's right to file another petition in the appropriate district.[1]

(2) Any outstanding motions are DENIED as moot.

(3) Jurists of reason cannot disagree that Turner fails to make a substantial showing of the denial of a constitutional right, and thus any request for a certificate of appealability is DENIED. See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); 28 U.S.C. § 2253(c)(1)(A).

(4) The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

DATED: January 27, 2023 at Honolulu, Hawaii.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**CLIFFORD P. TURNER VS. SECRETARY, DEPARTMENT OF CORRECTIONS; CV 23-00042 LEK-RT; ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY**

---

[1] If Turner decides to file a petition in the district where he is currently in custody, venue appears to lie in the United States District Court for the Eastern District of Texas. See 28 U.S.C. § 124(c)(1). If Turner decides to file a petition based on a conviction from a state court in Huntsville, Texas, venue appears to lie in the United States District Court for the Southern District of Texas. See 28 U.S.C. § 124(b)(1).